## THOMAS BEDFORD, ET AL., *v.* JOHN HARPER'S ADM'R.

### Will—Construction of Will.

Where a testator directs his executors to invest certain moneys bequeathed to named legatees "in some safe investment yielding interest, * * * that the executors shall exercise their best judgment in making the investment", it was held that such executors could invest such money in real estate improved and such as will yield an income.

### APPEAL FROM WOODFORD CIRCUIT COURT.

May 13, 1876.

OPINION BY JUDGE COFER:

John Harper, having made and published a last will and testament disposing of all his estate, died in August, 1874.

By the 3rd, 4th, and 5th clauses of the will, he gives to his nieces, Mrs. Moore and Mrs. Owsley, and to the children of Adam Harper, except his son, John, certain lands described in said clauses. By the 6th clause he provides that the devisees just mentioned are to have a life estate only in the lands, remainder to such of their children or grandchildren respectively, as by last will and testament they may direct; and in case any fail so to direct, to be divided between their children or their descendants, the children of any that are dead to take the place of their parents; and by the 7th clause he directs that the lands or interest in lands given to the female devisees shall be for their sole and separate use.

By the 10th clause he directs that the entire residue of his estate, consisting of money, notes, stocks, bonds, etc., shall be divided into four parts, one of which he gives to his nephew, Frank Harper, one to his niece, Mary Moore; one to his niece, Ann Owsley; and one to the children of Adam Harper; except his son John, to be held by them in the same manner and under the same limitations and powers as they severally hold the lands given to them in the will. But the portion going to each of them, except Frank, he directs to be in-

vested by his executors in some safe investment yielding interest, and that in making such investment they shall look more to the safety of the debt, than to a high rate of interest; that the executors shall exercise their best-judgment in making the investment, but shall not be held accountable for errors of judgment. The interest arising from the investment he directs to be paid over to the parties entitled during their lives, and at their death the whole to be handed over to those entitled to it. Frank Harper and F. T. Kinkead were nominated executors; the former declined, and the latter qualified and soon afterward died. John M. Vanmeter was appointed administrator de bonis non, with the will annexed.

This suit was brought by the administrator mainly for the purpose of obtaining a construction of the will, and the advice and direction of the chancellor as to his powers and duties. The points upon which he specially sought advice were:

1. Whether or not the trust declared by the 10th clause of the will devolved upon him as administrator, and if it did, then 2. As to the extent of his powers and duties; 3. Whether the trustee could invest the fund in real estate.

Mrs. Moore and Mrs. Owsley and her husband, and three married daughters of Adam Harper and their husbands, answered the petition, insisting that the trust did not devolve on the administrator, and expressing a desire that the trust fund should be invested in land; and the three daughters of Adam asked that their husbands should be appointed their respective trustees.

The court on final hearing adjudged,

1. That the trust in question did not devolve on the administrator; 2. That an investment in land cannot be made without violating the intention of the testator as expressed in the 10th clause of the will; 3. That the application of the married daughters of Adam Harper to have their husbands appointed their trustees be denied; 4. That the portion of the trust fund going to the children of said Adam should be paid over to the master commissioner to await the appointment of a trustee, the court being of the opinion that it ought not to be divided among the children now in being.

From that part of the judgment indicated in the second, third and fourth points above stated the married daughters of Adam Harper, and their husbands prosecute this appeal. We do not concur with the chancellor in the conclusion that the language of the 10th clause of the will prohibits the investment of the trust fund in real estate. It is true the language is that it shall be invested in some "safe in-

vestment yielding interest," and that the executors are directed to "look more to the safety of the debt than to high rate of interest," but when construed in the light of surrounding circumstances we think the words "interest" and "debt" are to be construed as synonymous with "income" and "fund," and that the meaning is the same as if the executors had been directed to invest the money in some safe investment yielding an income or profit, and in making such investment should look rather to the safety of the fund than to a large income.

Adam Harper is yet alive and may have other children born to him, who will take for life the income of their portion of the bequest so that it may·happen that this trust will not terminate for a half or three-quarters of a century, or even longer. The interest of the first objects of the testator's bounty being limited to the income from the fund, it was necessary in order that they might not be deprived of the benefits intended for them that the investment should be made so as to yield an income, and hence, no doubt, the use of the phrase "yielding interest." But lest the desire of the trustees to realize a large income for those entitled for life only, might tempt them to make unsafe investments promising large profits, he added the caution "in making such investments they shall look more to the safety of the debt than to high interest."

No other language of the will except the words "interest" and "debt" is to indicate an intention to prohibit the investment of the fund in land. If, on account of their use, the executors are limited in their choice of investments, and can only invest in some investment yielding interest eo nomine, they are equally prohibited from investing in stocks paying dividends, and in fact, though the testator evidently intended to give them a large discretion in choosing investments, they are limited to the purchase of bonds and private loans, for no other investments that we know of bear interest by name.

Such a construction is not, we think, required by the language of the will, and is inconsistent with the evident purpose of the testator to allow to his executors a large discretion in making the investment. But if invested in land it must be in such as is improved and will yield an income to be paid over annually to those entitled for life.

Any children hereafter born to Adam Harper will be entitled to shares of the fund; and this fact gives rise to the only real difficulty in the case. If the fund is divided between the children now in being, and others are born, new partitions must be had as often as the

number shall be increased. If a trustee is now appointed for each of the married daughters of Adam Harper, and their respective shares are invested in land and other children are born to their father, the share of such after-born children must be raised in money, unless the lands should happen to be so situated that a new allotment may be equitably made, which will probably be the case.

To require the share of after-born children to be raised by a sale or sale of portions of the land that may be purchased on account of those now in being, might result in serious injury to them and their children. If portions of such purchases should be required to be sold to raise portions for children hereafter to be born, it would not only complicate and embarrass the trust, but might, by the depreciation or appreciation of the property, lead to serious loss on the one hand, or to vexatious and expensive litigation for the readjustment of the title as other children may be born.

If a separate trustee be appointed for each of the children of Adam now in being, the birth of another child would involve a separate trust. If the trustee of one invests in land, and it should greatly appreciate in value, and another should invest in bonds or stocks or in private loans, which should depreciate without fault on the part of the trustee, such a state of confusion, embarrassment and uncertainty would exist as would, it seems to us, be exceedingly damaging to all the parties in interest.

It is true these possible results may not follow a present division of the fund; Adam Harper may have no more children born to him, and if he has it may be that the rights of all will be secured, and that no injury will result to any one. But when the chancellor is called upon to act in matters directly relating to the interest of persons yet unborn, he should not peril their rights and interest by investing money, in which they will have an interest when they came into being, in investments and in complications which may seriously prejudice their interest.

We have no doubt that it would be to the interest of the children now in being that the fund should be divided now, and that the married daughters especially should have separate trustees; and there does not seem to be any objection to the appointment of their respective husbands. But as we cannot see our way clear if we allow the fund to be now divided and to be invested in separate parcels of land, to be purchased with a view only to the interest, convenience and wishes of these now in being, we think it the safer course not to make such division except upon terms which shall secure the rights

of after-born children of Adam Harper, as well as of the children of his children.

If the husbands of the married daughters of Adam Harper will execute bonds binding themselves and their sureties in the event that other children are born, to raise for their benefit the amount which their respective wives ought to contribute, they may be permitted, as trustees, to withdraw their wives' present apparent shares, and to invest it upon the trusts of the will; and they may, by investing a portion in land, and another portion in convertible securities, attain the object in view.

And it will be proper as the other children arrive at age or apply therefor to allow them the same privilege as above indicated.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*A. Duvall, for appellants. Turner & Thornton, for appellee.*